United States District Court
Southern District of Texas
**ENTERED**
January 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAM Y. GHATTAS AND ISELA HERNANDEZ, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-0077 |
| | § | |
| CALIBER HOME LOANS, INC., | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiffs Isam Y. Ghattas and Isela Hernandez have sued Defendant Caliber Home Loans, Inc., the servicer on their home equity mortgage loan, seeking $961,592 in damages based on their belief that Caliber wrongfully added escrow payments for property taxes to their monthly loan payments and then wrongfully declared them in default when they refused to pay the increased amount. Plaintiffs initially sued Defendant in state court on December 27, 2019 asserting claims for breach of contract, violation of the Texas Deceptive Trade, breach of fiduciary duty, breach of the duty of good faith and fair dealing, negligence, and unjust enrichment. After Plaintiffs filed an Amended Petition adding claims for violation of the Fair Debt Collection Practices Act, Defendant timely removed the lawsuit to federal court based on federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs filed an Amended Complaint on September 16, 2020 asserting causes of action for breach of contract, violations of RESPA, perjury, and breach of the duty of good faith and fair dealing.

This case is now before the Court on Plaintiffs' Motion for Summary Judgment (ECF 29) and Defendant's Amended Motion for Summary Judgment (ECF 41).[1] Having considered the parties' submissions and the law, the Court recommends that Plaintiffs' motion be DENIED and Defendant's motion be GRANTED.[2]

## I. Background

The following timeline of undisputed facts is supported by the evidence submitted with the parties' summary judgment briefs and by the pleadings on file in this case:

| | |
|---|---|
| 2/4/2013 | On February 4, 2013, Isam Y. Ghattas signed a Texas Home Equity Note payable to ProLending Mortgage, LLC in the amount of $290,480 and a Texas Home Equity Security Instrument granting a security interest in property located at 18443 Dogwood Trail, Tomball, TX 77377 (Loan). Ghattas also signed an Escrow Waiver Disclosure and Agreement. |
| 8/31/2013 | Defendant Caliber Home Loans, Inc. acquired the Loan and began acting as the Loan servicer. |
| 3/22/2018 | Defendant notified Ghattas that 2017 Harris County property taxes for the property were delinquent. Defendant instructed Ghattas to pay taxes and notify Defendant by April 21, 2018 that taxes were paid, or "Caliber will advance funds to pay the delinquent taxes [and] Caliber may establish a mandatory impound for future taxes for the life of the loan." There is no evidence that Plaintiffs contacted Defendant by April 21, 2018 as instructed. |
| 5/18/2018 | Defendant paid a $148.10 late fee to Harris County that remained unpaid by Plaintiffs although Plaintiffs paid the taxes themselves. |
| 5/22/2018 | Defendant sent Ghattas an Escrow Account Disclosure Statement advising that due to the late payment of property taxes the monthly payment on the loan would include a $736.85 escrow payment (consisting of a base escrow payment of $414.00 plus $322.85 per month to cover a projected shortage |

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 23.

[2] Because the Court recommends dismissal of all of Plaintiffs' claims, Plaintiffs' Motion for Hearing (ECF 45, 46) seeking "a hearing to discuss pretrial scheduling so that their case is finally heard and they can be made whole" is DENIED.

|  |  |
|---|---|
|  | for the tax year 2018) beginning as of August 1, 2018.  The added escrow payment increased Plaintiffs' monthly payment from $1,264.19 to $2,001.04.  Plaintiffs disagreed with the Defendant's opening of an escrow account on the loan and did not pay the added escrow amounts.  Plaintiffs continued to pay $1,264.19 per month and have never paid the increased amount. |
| 6/13/2018 | Ghattas sent a certified letter to "Caliber Home Loans P.O. Box 650856 Dallas, Tx 75265" providing documentation that Plaintiffs had paid the 2017 property taxes, although due to an error, the payment was not received until "22 days beyond the due date of January 31st." |
| 10/29/2018 | Ghattas sent a second certified letter to the above address asserting error in Defendant's assessment of a past due amount on the Loan. |
| 11/20/2018 | Defendant served Notices of Default informing Plaintiffs that the Loan was in default due to their partial payments and stating $3,664.34 must be paid before 12/25/2018 to cure the default.  Plaintiffs did not cure the default. |
| 1/23/2019 | Ghattas sent a third letter to Defendant asserting an alleged error on his account. |
| 6/12/2019 | Defendant filed an Application for Expedited Order under Rule 736 in Harris County state court seeking an order allowing Defendant to foreclose on the property because the Loan was in default. |
| 12/27/2019 | Plaintiffs filed a state court petition asserting affirmative claims for relief against Defendant.  Plaintiff filed an Amended Petition in state court on 12/30/2019 adding a claim for violation of the federal Fair Debt Collection Practices Act (FDCPA). |
| 1/9/2020 | Defendant removed the case to this court based on federal question jurisdiction based on the FDCPA claim. |
| 2/13/2020 | District Judge Sim Lake denied Plaintiffs' motion to remand (ECF 10). |
| 5/28/2020 | Defendant filed its first Motion for Summary Judgment (ECF 21). |
| 8/4/2020 | Plaintiffs filed their Counter Motion for Summary Judgment (ECF 29). |
| 9/16/2020 | Plaintiffs filed an Amended Complaint (ECF 40) asserting causes of action for (1) Breach of contract; (2) RESPA Deficiency Protocol Violation; (3) three separate violations of RESPA Error Resolution Procedures; (4) RESPA |

3

>violation pertaining to Escrow limits; (5) perjury; and (6) breach of duty of good faith and fair dealing.[3]

9/22/2020     The parties engaged in an unsuccessful mediation (ECF 42).

10/9/2020     Defendant filed an Amended Motion for Summary Judgment (ECF 41) (mooting ECF 21).

## II. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). If a moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the party moving for summary judgment bears the burden of proof on an issue he must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

---

[3] Plaintiffs argue in their summary judgment Response (ECF 43 at 7) that Defendant committed fraud. Plaintiffs did not plead a cause of action for fraud in the Amended Complaint and it is too late to insert a fraud claim now.

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

### III. Analysis

The issues in this case have been fully briefed on cross-motions for summary judgment. Plaintiffs' claims are ripe for resolution as a matter of law.

**A. Breach of Contract**

Under Texas law, "[t]he elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff." *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 825 (Tex. App.-Fort Worth 2008, no pet.) (citing *Harris v. Am. Prot. Ins. Co.,* 158 S.W.3d 614, 622–23 (Tex. App.-Fort Worth 2005, no pet.)). There is no dispute that the Loan documents constitute a valid contract. Plaintiffs cannot meet their burden to establish as a matter of law (for purposes of their own motion), or to create a genuine issue of material fact (for

5

purposes of Defendant's motion) that they performed as obligated by the Loan documents, or that Defendant breached its obligations under the Loan documents.

Plaintiffs do not deny that they paid their 2017 Harris County taxes 22 days late. They also do not deny that they have not made any of the $736.85 monthly escrow payments that Defendant began assessing as of August 1, 2018. Thus, the record establishes that Plaintiffs did not fully perform their contractual obligations. Plaintiffs argue that Defendant has breached the parties' contract because Texas Home Equity Loans do not require escrow accounts when the loan to value (LTV) ratio is under 80%. According to Plaintiffs, based on the estimated value of the subject property the LTV ratio for the Loan was well under 80%. But whether an escrow account is *required* by Texas mortgage law or usual practices in the industry is not the dispositive question. Isam Ghattas signed the Escrow Waiver and Disclosure Agreement which allows the lender to establish an escrow account in these circumstances:

> The lender shall have the right to establish or reestablish an escrow account for the payment of the Escrow Items[4] in accordance with the terms of the loan documents in the event that during the term of the mortgage loan:
> - The Borrower fails to pay any of the Escrow Items in a prompt and timely manner;
> - The Borrower fails to provide the Lender with evidence of payment of the Escrow Items within two (2) weeks following the receipt of a written request from the Lender;
> - The Borrower is otherwise in default under the terms of the mortgage loan documents; or
> - It becomes necessary for the Lender to advance funds to pay all or any portion of the Escrow Items.

---

[4] "Escrow Items" are defined as "payment of taxes and assessments and other items which can become a lien and attain priority over the Lender's security interest in the secured property or premiums for any and all Insurance required by the Lender." ECF 41-4 at 1.

ECF 41-4 at 1. According to the terms of the Escrow Waiver and Disclosure Agreement, and the undisputed facts, the lender was entitled to impose an escrow account. The Court recognizes Plaintiffs' arguments that the imposition of a $736.85 escrow payment in response to the lender's payment of the $148.10 late fee seems unfair, but that does not mean it was not allowed by the Agreement. That the lender did not initially impose an escrow account, or that Defendant paid only the $148.10 late fee and not the full amount of taxes, does not change the fact that the Agreement allows Defendant to impose escrow requirements. The undisputed facts establish that Ghattas (1) failed to pay taxes "in a prompt and timely manner;" (2) failed to provide evidence of payment within 2 weeks of Defendant's March 22, 2018 written request;[5] and (3) Defendant was required to "advance funds to pay all or any portion" of any assessments against the property. Therefore, Plaintiffs' motion for summary judgment on their breach of contract claim should be denied, and Defendant's motion for summary judgment on Plaintiffs' breach of contract claim should be granted.

### B. Real Estate Settlement Practices Act (RESPA)

Plaintiffs have asserted claims against Defendant for violations of RESPA regulations 12 C.F.R. §§ 1024.17 and 1024.35. 12 C.F.R. § 1024 is known as Regulation X. RESPA, as implemented by Regulation X, is designed to protect mortgagors by imposing certain obligations on lenders and loan-servicing companies. *Forscht v. Select*

---

[5] Plaintiffs state in their response that "a phone call was placed to the lender" to correct the March 22, 2018 notice that "did not coincide with County Tax Records." ECF 43 at 3. But Plaintiffs do not say when the call was placed, and do not contend that they presented Defendant with evidence of the payment of taxes at any time prior to Defendant's notice of the imposition of the escrow account.

*Portfolio Servicing, Inc.*, No. CV H-17-2659, 2018 WL 1757610, at *2 (S.D. Tex. Apr. 12, 2018). Plaintiffs allege that Defendant violated RESPA by establishing an escrow account due to a mere $148.10 shortage, which was less than one month's escrow payment (instead of simply requiring repayment of the $148.10 late payment), and by misrepresenting that the shortage was actually $3,874.20.[6] Plaintiffs further allege that Defendant violated RESPA by failing to respond to Plaintiffs' three written notices of error. Plaintiffs' RESPA claims fail as a matter of law because the regulations on which they rely do not create a private right of action.[7]

First, no private right of action exists for violations of the regulations set forth in 12 C.F.R. § 1024.17 which implement Section 10 of RESPA, codified at 12 U.S.C. § 2609. Section 10 sets forth various requirements regarding escrow accounts such as the maximum amount of such accounts. The Fifth Circuit has followed other Circuits in holding that "Congress did not intend to create a private right of action under Section 10 of RESPA." *State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1304 (5th Cir. 1995); *Spence v. Nationstar Mortg., LLC*, No. EP-15-CV-00156-FM, 2016 WL 11582545, at *7 (W.D. Tex. May 10,

---

[6] Plaintiffs' claim appears to be based on their misinterpretation of the term "shortage" as synonymous with deficiency. The $3,874.20 shortage reflected on the 5/22/2018 Escrow Account Disclosure Statement is not a deficiency in the escrow account; it is the *projected shortage* that Defendant anticipated would occur if an additional $322.85 per month payment were not added to base escrow payment of $414.00. ECF 29 at 14. Defendant calculated the total required escrow payment based on anticipated county and school taxes of $4,968.10, the existing deficiency of $148.10, and a two-month minimum balance cushion of $828.00. ECF 41 at 14-17. The $414.00 monthly base escrow payment was calculated by taking the anticipated school taxes of $4,968.10 and dividing it by 12. The $322.85 monthly shortage payment amount was calculated by dividing by 12 the $3,874.20 shortage projected to exist after all 2018 county and school taxes were paid. *Id.*

[7] Defendant points out that Isela Hernandez has no standing to bring a RESPA claim because she did not sign the note. *See Hobbs v. Nationstar Mortgage LLC,* No. 4:18-cv-00496, 2018 WL 6305594, *2 (N.D. Tex. Dec. 3, 2018) (only parties who executed the promissory note are "borrowers" with standing to assert RESPA claims). Summary judgment is appropriate on all RESPA claims asserted by Hernandez for this reason. However, her lack of standing is not dispositive of the claims because Isam Y. Ghattas, who did sign the note, is also a Plaintiff.

8

2016) ("Regardless of the merits of [plaintiffs'] RESPA claim, it has a fatal legal flaw: section 10 does not allow [plaintiffs] to sue loan servicers. As [defendant] asserts, the Fifth Circuit has plainly held that only the federal government is allowed to enforce section 10."); *In re Crockett*, No. 19-00101, 2020 WL 425388, at *6, n.6 (Bankr. D. D.C. Jan. 27, 2020) ("Courts are in agreement that there is no private cause of action available under 12 U.S.C. § 2609 and its implementing regulation, 12 C.F.R. § 1024.17."). Therefore, Plaintiffs' claims that Defendant violated RESPA requirements regarding "Deficiency Protocols" and "Escrow Limits" set forth in 12 C.F.R. § 1024.17 fail as a matter of law.

Similarly, 12 C.F.R. § 1024.35, which requires a loan servicer to furnish a written response to any written notice from a borrower that asserts an error, also does not provide a private right of action. *Solis v. U.S. Bank, N.A.*, No. H-16-00661, 2017 WL 4479957, at *3 (S.D. Tex. June 23, 2017), aff'd, 726 F. App'x 221 (5th Cir. 2018); *Shackelford v. Ocwen Loan Servicing LLC*, No. 4:19-cv-01540, 2020 WL 3542276, at *3 (S.D. Tex. June 29, 2020); *Vallier v. Nationstar Mortg., LLC*, No. CV H-17-0998, 2018 WL 1319166, at *5 (S.D. Tex. Feb. 1, 2018), report and recommendation adopted, No. 4:17-CV-0998, 2018 WL 1322247 (S.D. Tex. Mar. 13, 2018) ("there is no private cause of action for any violation of 12 C.F.R. §§ 1024.35"). In addition, Plaintiffs did not send the certified letters asserting an error to the address designated by Defendant for such notices. *See* ECF 29 at 6-8 (letters addressed to "Caliber Home Loans, PO Box 650856 Dallas Tx. 75265"). The Dallas address to which Plaintiffs sent the letters is an address to which payments are required to be sent. *See* ECF 41-10 at 2; 41-11 at 2; 41-12 at 2 (Mortgage Statements). Defendant designated P.O. Box 270415, Oklahoma City, OK 73137 as the address for

receipt of Notices of Error, Requests for Information, or Qualified Written Requests. *Id.* A notice sent to the wrong address is not a valid notice of error under RESPA. *Hodge v. Bank of New York Mellon as Tr. (CWABS 2006-SD2)*, No. 3:18-cv-3040, 2020 WL 1035243, at *6 (N.D. Tex. Feb. 12, 2020) ("RESPA's error reporting procedures are only applicable when the borrower sends a notice of error to the servicer in the form and manner provided under § 1024.35. *See* 12 C.F.R. § 1024.35(a). A servicer is under no obligation to respond to a notice of error that does not comply with the requirements of § 1024.35(a)"); *Geoffrion v. Nationstar Mortgage, LLC*, 182 F. Supp. 3d 648, 658 (E.D. Tex. 2016) ("where the servicer has established a separate and exclusive office and address for the receipt and handling of QWRs, that servicer's duty to respond is triggered only if the borrower sends his or her written request to the designated office and address."). For these reasons, Plaintiffs' claim for violations of RESPA 12 C.F.R. § 1024.35 fails as a matter of law.

In sum, Plaintiffs' Motion for Summary Judgment should be denied, and Defendant's Motion for Summary Judgment should be granted, on all of Plaintiffs' claims for violations of RESPA.

### C. Perjury

Plaintiffs allege that Kolette Modlin committed perjury in her affidavit submitted to the Harris County District Court in support of Defendant's Rule 736 Application by stating that "6 regular monthly payments have not been paid. The amount required to cure the default is "$11,887.95." ECF 40 at 11-12, 66. Even if there is a question as to the accuracy or truthfulness of Modlin's Affidavit, neither Texas nor federal law provide a private cause

of action for civil perjury in this circumstance. *Williams v. Williams*, No. 3:12-CV-0705-N BK, 2012 WL 3704277, at *3 (N.D. Tex. July 27, 2012), report and recommendation adopted, No. 3:12-CV-0705-N BK, 2012 WL 3715159 (N.D. Tex. Aug. 28, 2012) ("there is no private cause of action for perjury in federal court, nor is there a private right of action for civil perjury under Texas law."); *Tummel v. Milane*, No. 7:18-CV-339, 2019 WL 366708, at *8 (S.D. Tex. Jan. 30, 2019) ("there is no private cause of action for civil perjury under Texas law."), aff'd, 787 F. App'x 226 (5th Cir. 2019); *Whitfield v. Nelson*, No. 3:13-CV-2230-BN, 2014 WL 1243805, at *3 (N.D. Tex. Mar. 26, 2014) ("Plaintiffs correctly note that there is no private cause of action for civil perjury under Texas law (or, for that matter, in federal court)."); *Fermin v. Conseco Direct Life Ins. Co.*, No. SA-00-CA-1063 NN, 2001 WL 685903, at *14 (W.D. Tex. May 1, 2001) ("Texas courts have consistently held that there is no separate cause of action for civil perjury."). Therefore, Defendant's motion for summary judgment on Plaintiffs' perjury cause of action must be granted.[8]

### D. Duty of Good Faith and Fair Dealing.

Plaintiffs assert that Defendant violated its duty of good faith and fair dealing by failing "to keep accurate records and respond to notices of error as described in RESPA" 12 C.F.R. § 1024.38. ECF 40 at 12. Plaintiff's breach of the duty of good faith and fair dealing claim fails as a matter of law under RESPA and Texas common law.

As with Plaintiffs' other RESPA claims, the regulation on which Plaintiffs rely does not provide a private right of action. *Lackie v. PHH Mortg. Corp.*, No. 3:17-CV-377-BT,

---

[8] Plaintiffs filed their Motion for Summary Judgment (ECF 29) prior to filing an Amended Complaint (ECF 40). Plaintiffs did not file an amended or supplemental motion for summary judgment to seek summary judgement on their newly asserted claims for perjury and breach of the duty of good faith and fair dealing.

11

2018 WL 4409799, at *2 (N.D. Tex. Sept. 17, 2018) ("Even accepting Plaintiff's allegations as true, Plaintiff has failed to state a claim for relief because RESPA does not create a private right of action to enforce § 1024.38."); *Longmire v. Wells Fargo Bank, N.A.*, No. 3:16-CV-2367-M-BN, 2017 WL 4075187, at *3 (N.D. Tex. Aug. 16, 2017) ("RESPA does not create a private right of action to enforce Section 1024.38(b)"), report and recommendation adopted, No. 3:16-CV-2367-M-BN, 2017 WL 4022888 (N.D. Tex. Sept. 13, 2017).

Under Texas law a duty of good faith and fair dealing may arise from a "special relationship" between the parties to a contract, but not every contract carries an implied covenant of good faith and fair dealing. *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987); see *Fireman's Fund Ins. Co. v. Murchison*, 937 F.2d 204, 208 (5th Cir. 1991) ("The Texas courts have not applied this duty to ordinary contractual relationships."). Texas law does not recognize a "special relationship" between a lender/mortgagee and borrower/mortgagor. *Lovell v. W. Nat. Life Ins. Co.*, 754 S.W.2d 298, 303 (Tex. App.-Amarillo 1988, writ denied)("there exists no special relationship between [mortgagor and mortgagee] and, therefore, no duty of good faith and fair dealing is implied."); *Cross v. Wells Fargo Bank, N.A.*, No. CIV.A. H-13-1756, 2014 WL 4929276, at *3 (S.D. Tex. Sept. 30, 2014) ("the relationship between a mortgagor and mortgagee does not give rise to a duty of good faith."); *Siens v. Trian, LLC*, No. A-11-CV-075-AWA, 2014 WL 1900737, at *4 (W.D. Tex. May 13, 2014) ("Texas courts routinely hold there is no special relationship between a mortgagor and mortgagee that would impose an independent common law duty of good faith and fair dealing."). Because Texas law does

not recognize a duty of good faith between mortgagor and mortgagee, summary judgment in favor of Defendant should be granted on Plaintiffs' claim for breach of duty of good faith and fair dealing.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court recommends that Plaintiffs' Motion for Summary Judgment (ECF 29) be DENIED, Defendant's Motion for Summary Judgment (ECF 41) be GRANTED, and Plaintiffs' claims be dismissed in their entirety with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 25, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

14